UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CENEGENICS LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>DR. RICHARD GAINES, et al.,<br><br>Defendant(s). | Case No. 2:19-CV-1797 JCM (VCF)<br><br>ORDER |

Presently before the court is defendants' Dr. Richard Gaines ("Dr. Gaines") and LifeGaines Medical and Aesthetics, LLC's ("LifeGaines") (collectively, the "Gaines defendants") motion to dismiss. (ECF No. 21). Plaintiff Cenegenics, LLC ("Cenegenics") filed a response (ECF No. 28), to which the Gaines defendants replied. (ECF No. 29).

Also before the court is defendants the Anti-Aging Group, LLC ("AAG") and Sexual MD Solutions, LLC dba Gainswave's ("Sexual MD") (collectively, the "AAG defendants") motion to dismiss. (ECF No. 42). Plaintiff filed a response (ECF No. 44), to which the AAG defendants replied. (ECF No. 45).

**I.    Background**

Cenegenics, a Delaware corporation with a principal place of business in Nevada, initiated the instant action against both the Gaines defendants and the AAG defendants (collectively, "defendants"), alleging that the defendants engaged in trademark infringement, unfair competition, deceptive trade practice, defamation, and business disparagement. (ECF No. 1 at 11–16).

Cenegenics is a company "in the field of age management medicine services." *Id.* at 5. Defendants are Cenegenics' competitors, all of whome are domiciled, incorporated, or have a

**James C. Mahan**
**U.S. District Judge**

principal place of business in Florida.  (ECF Nos. 21, 42).  In its complaint, Cenegenics alleges that defendants use its trademark without authorization to advertise, promote, and provide competing services on defendants' websites, amongst other things.  (ECF No. 1 at 8).  Further, Cenegenics alleges that Dr. Gaines made defamatory and disparaging statements about Cenegenics in a January 2017 podcast.  *Id.* at 10–11.

In its complaint, Cenegenics alleges that defendants are subject to specific and general personal jurisdiction due to "[d]efendants' presence in [Nevada] and/or substantial business activity in [Nevada], including at least a portion of the infringement alleged herein."  *Id.* at 5.  Defendants now move to dismiss for lack of personal jurisdiction and failure to state a claim. (ECF Nos. 21, 42).

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Allegations in the complaint must be taken as true, and factual disputes should be construed in the plaintiff's favor.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Personal jurisdiction is a two-prong analysis.  First, an assertion of personal jurisdiction must comport with due process.  *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012).  Next, "[w]hen no federal statute governs personal jurisdiction, the district court applies the law of the forum state."  *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  However, Nevada's "long-arm" statute applies to the full extent permitted by the due process clause, so the inquiry is the same, and the court need only address federal due process standards.  *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Two categories of personal jurisdiction exist: (1) general jurisdiction and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

"[T]he place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (quotation marks and citation omitted). A court may also assert general jurisdiction over a defendant when the plaintiff shows that "the defendant has sufficient contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, the defendant's affiliations with the forum state must be so "continuous and systematic" so as to render the defendant essentially "at home" in that forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). General jurisdiction is appropriate even if the defendant's continuous and systematic ties to the forum state are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16).

Alternatively, the Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004).

### III. Discussion

As an initial matter, Federal Rule of Civil Procedure 12(d) specifies that matters outside the pleadings may convert a motion under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment. Fed. R. Civ. P. 12(d). Despite the Gaines defendants' argument that "a court may not consider any material beyond the pleadings" (ECF No. 29 at 3), this standard

**James C. Mahan**
**U.S. District Judge**

- 3 -

applies only to motions to dismiss for failure to state a claim and motions for judgment on the pleadings. *See id.*

By contrast, "[t]he court may consider evidence presented in affidavits to assist in its determination" of personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *see also Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995) (classifying motion as one for dismissal, not summary judgment, where district court considered declarations, deposition testimony, and other submitted evidence); *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (noting that to meet burden of establishing personal jurisdiction, plaintiff "could not simply rest on the bare allegations of its complaint, but rather was obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction"). Accordingly, the court is not prohibited from considering Cenegenics' attached declarations to the extent that they are helpful in ruling on the instant motion.

Defendants argue that the court should dismiss Cenegenics' complaint for lack of personal jurisdiction. (*See* ECF Nos. 21, 42). Cenegenics maintains that the court has personal jurisdiction over defendants. (ECF No. 1 at 5). The court will therefore address whether it has either general or specific jurisdiction over defendants.

A. *General jurisdiction*

The court first turns to the "paradigmatic" bases for general jurisdiction over a corporation: the place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137. If those bases are inapplicable, the court considers whether defendants have engaged in "substantial, continuous, and systematic courses of business" that essentially render it "at home" in Nevada. *Id*. at 137–38. The Ninth Circuit has held that general jurisdiction does not exist in situations where a corporation is not registered in the forum, has no officers or employees in the forum, has no registered agent in the forum, and has not paid taxes in the forum. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1225 (9th Cir. 2011).

**James C. Mahan**
**U.S. District Judge**

First, the court cannot assert general jurisdiction over defendants because none of them are incorporated or maintain principal places of business in Nevada. (*See* ECF Nos. 21, 42). Similarly, Dr. Gaines is a Florida resident.[1] (ECF No. 21 at 7).

Next, the court cannot assert general jurisdiction over defendant corporations LifeGaines or the AAG defendants, because neither has continuous and systematic contacts that would render it "at home" within Nevada. *See Daimler*, 571 U.S. at 137. To the contrary, defendants contend—and Cenegenics does not dispute—that defendants "are not incorporated or registered to do business in Nevada, have never maintained any offices or other company facilities in Nevada, have never employed any individuals in Nevada, and have never appointed an agent for service of process in Nevada." (ECF No. 42 at 7).

*B. Specific jurisdiction*

The court now turns to the Ninth Circuit's three-prong *Schwarzenegger* test to determine whether it may exercise specific personal jurisdiction over the defendants. *Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id*. (citations omitted).

Because the court finds that the second prong of the *Schwarzenegger* test is dispositive, the court need not address the first or third prongs. The second prong asks whether the plaintiff's claim arises out of the forum-related activities of the defendant. *Id*. The Ninth Circuit applies a "but for" test to analyze whether a "direct nexus exists between those [activities] and the cause of action." *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 894 (9th Cir. 1996); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013).

In the instant action, the question is not—as Cenegenics suggests—whether the instant claims would have arisen "but for the defendants' alleged conduct." (ECF Nos. 28, 44). Rather, the question is whether Cenegenics' claims would have arisen but for the defendants' *activity in Nevada. See Rippey v. Smith*, 16 Fed. App'x. 596, 599 (9th Cir. 2001). For the reasons that follow, the court finds they would not.

---

[1] Thus, the court need not reach Cenegenics' alter ego arguments.

James C. Mahan
U.S. District Judge

- 5 -

Cenegenics has alleged six causes of action: trademark infringement under state and federal law, unfair competition, deceptive trade practice, defamation, and business disparagement. (ECF No. 1 at 11–15). Cenegenics' allegations regarding trademark infringement, unfair competition, and deceptive trade practice stem from defendants' use of competing services on defendants' websites and through defendants' internet practices. *Id.* at 8–14. Cenegenics' allegations regarding defamation and business disparagement stem from publications and statements made by defendants. *Id.* at 10–11. The only specific allegations pertain to a podcast in which Dr. Gaines referenced Cenegenics. *Id.*; EFC No. 28–8.

These assertions do not establish the required affiliation between the defendants' contacts with Nevada and the present action. First, Cenegenics does not allege that the maintenance of defendants' websites takes place in Nevada. Next, Cenegenics does not allege that the defamation or disparagement, specifically the referenced podcast, took place in Nevada.

Alternatively, Cenegenics argues that Dr. Gaines' former relationship and training[2] with Cenegenics, along with defendants' promotion of products to consumers in Nevada,[3] are enough to establish this affiliation. (ECF Nos. 28, 44). These arguments fail because they are too far removed from the pleaded causes of action to establish a direct nexus as required by the "but for" test. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (holding that specific jurisdiction does not exist if there is no direct nexus between the forum, regardless of the extent of the defendant's unconnected activities in the state). Moreover, defendants do not market their products to Nevada exclusively, and therefore, this activity cannot be the "but for" cause of harm to Cenegenics. (ECF No. 1 at 2).

---

[2] Dr. Gaines received training at Cenegenics, located in Nevada, in 2005. (ECF No. 28 at 1). Cenegenics argues that this relationship and training are what "he relies on as the basis for his defamatory and disparaging statements." *Id.* at 12.

[3] Specifically, Cenegenics references defendants' hosting of a July 2018 "cocktail reception" party at a Las Vegas hotel, as well as general promotion of defendants' products in Nevada. (ECF No. 44 at 11).

**James C. Mahan**
**U.S. District Judge**

- 6 -

Accordingly, Cenegenics has not met its burden of establishing general or specific jurisdiction over defendants. Because this court finds that it has no personal jurisdiction over the defendants, it need not reach defendants' motions to dismiss for failure to state a claim.

Consequently, the motions to dismiss are granted and Cenegenics' complaint is dismissed. However, the court finds that the jurisdictional deficiency could possibly be cured. Thus, the court dismisses Cenegenics' complaint without prejudice.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Gaines defendants' motion to dismiss (ECF No. 21) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the AAG defendants' motion to dismiss (ECF No. 42) be, and the same hereby is, GRANTED and the case is DISMISSED without prejudice.

DATED June 12, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -